IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                                                                    ORDER
                          Plaintiff,

                                                            10-cv-153-bbc
            v.

CYNTHIA THORPE, PETE ERICKSON,
DR. SCHMIDT and MS. LAGORE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Willie Simpson, a prisoner at the Green Bay Correctional Institution, is proceeding on claims that defendants are failing to protect him from harm by placing him in two-person cells even though his cellmates threaten him with harm because of his HIV status. The parties have completed their briefing of plaintiff's motion for preliminary injunctive relief, in which plaintiff seeks to be placed in a single cell. Also, defendants have submitted supplemental materials discussing recent events at the Green Bay prison related to this case. They state that plaintiff was returned from segregation into the general population on August 25, 2010, and almost immediately attacked other inmates. As a result of this confrontation, plaintiff was given a conduct report and sentenced to 360 days of disciplinary segregation. Now that plaintiff will be confined to a single cell for the next year,

1

defendants argue that plaintiff's motion for preliminary injunctive relief should be denied as moot.  Going further, they argue that the entire lawsuit should be dismissed as moot.

Plaintiff has responded by filing a document titled "Motion to Supplement Motion for Injunction."  I will grant this motion to the extent plaintiff wishes to respond to defendants' supplemental filings.  In his supporting documents, plaintiff disputes defendants' characterization of events (he claims that the confrontation occurred because he was threatened by white supremacist inmates), but he does not dispute that he will be in segregation for roughly the next year.  Because of plaintiff's segregation status, I will deny his motion for preliminary injunctive relief as moot.

Defendants do not develop much of an argument for dismissing the entire case as moot.  Although it is true that plaintiff will be single-celled in segregation for the next year, he argues that he will be back in danger as soon as he is returned to the general population.  Thus his claim for injunctive relief has not been mooted by his placement in segregation.  In addition, he maintains a claim for punitive damages.  <u>Calhoun v. DeTella</u>, 319 F.3d 936, 939, 941-42 (7th Cir. 2003).  Accordingly, I will deny defendants' motion to dismiss the entire case as moot, and the case will proceed.

There is a final matter.  In the June 15, 2010 order screening plaintiff's claims, I told plaintiff that if he wanted to pursue this case, he would have to submit a more complete record of his trust fund account statements for the six months preceding the filing of the

2

lawsuit.  Plaintiff responded by submitting the necessary trust fund account information.

From that information, I conclude that plaintiff has no means with which to pay an initial

partial payment of the $350 fee for filing his complaint.  Although plaintiff will be allowed

to proceed without prepayment of any of the filing fee, he should be aware that he is

obligated to eventually pay the full filing fee.  His account will be monitored and the fee

must be taken in monthly installments when the funds exist.


ORDER

IT IS ORDERED that

1.  Plaintiff Willie Simpson's motion to file supplemental materials, dkt. #35, is

GRANTED.

2.  Plaintiff's motion for preliminary injunctive relief, dkt. #1, is DENIED as moot.

3.  Defendants' motion to dismiss this case in its entirety, dkt. #28, is DENIED.

4.  Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly

payments as described in 28 U.S.C. § 1915(b)(2).  The court will notify the warden at the

Green Bay Correctional Institution of that institution's obligation to deduct payments until

the filing fee has been paid in full.

Entered this 24th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4